(118 So. 382)

## CORINTH BANK & TRUST CO. v. FELTMAN. (6 Div. 948.)

Supreme Court of Alabama. Oct. 18, 1928.

Williams & Chenault, of Russellville, for appellant.

Ernest B. Fite and K. V. Fite, both of Hamilton, and Stell & Quillin, of Russellville, for appellee.

192

ANDERSON, C. J. The only question presented by this appeal is whether or not the trial court properly allowed a credit of $780 on the note of H. R. Feltman and wife, secured by mortgage, due December 15, 1921.

This note and mortgage were for $1,000, due December 15, 1921, and were given by H. R. Feltman and wife to H. R. Feltman & Co., a firm composed of H. R. Feltman and J. J. Lawler. Lawler, being the manager of the firm, transacted all of the business with the bank. In an effort to show a credit on the note and mortgage, the appellee introduced a paid check as follows:

"Corinth, Miss., Dec. 15, 1922.
"Pay to the order of Corinth Bank & Trust Company $780.00, for note H. R. Feltman & Company, due December 15th.
"[Signed] J. J. Lawler.
"To Corinth Bank & Trust Company."

This check does not call for a credit or payment on note and mortgage of H. R. Feltman and wife due December 15, 1921, but for the payment of a note of H. R. Feltman & Co. due December 15th, meaning, of course, December 15, 1922, the year the check was given. Therefore, standing alone, it does not show a credit on the note and mortgage of H. R. Feltman and wife, but, corroborates Holley, the bank cashier, who testified that the bank made H. R. Feltman & Co. a loan, June 15, 1922, of $750 with interest, payable December 15, 1922, which amounted to $780, and for which a note was given, and the check was used to pay said note, and which was returned to the maker. He also said that the note was No. 31559 on the bank's liability register. Holley also denied any payment on the note and mortgage in question. J. J. Lawler denied the existence of the $780 note, but the recital in the face of the check tends to contradict him and to corroborate Holley. Moreover, the appellee could have called for the production with the right to inspect the liability ledger, if it did not support Holley or if the entry was suspicious or spurious.

The appellee relies upon a carbon copy of a letter purporting to have been sent with the check, and which directs the application of the check as a credit on the H. R. Feltman note, meaning the note from H. R. Feltman to H. R. Feltman & Co. Holley denied receiving such a letter, while Lawler testified to the proper mailing and stamping of same. It is, of course, not unusual for a letter to accompany a check, when sent through the mail; but when the check, on its face, directs its application, why inclose it in a letter directing a different application? Or if the sender intended to direct the application of the check by letter, why insert a different

and inconsistent one in the face of the check?

We are of the opinion that the appellant's contention as to the nature of the transaction and the purpose for which the check was sent and applied is correct, and the trial court erred in crediting the note and mortgage in question with the $780 check. The decree of the circuit court, to this extent, is reversed, and the cause is remanded in order that the decree may be so modified as to conform to this opinion.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.